UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | CV15-8063-CAS(JCx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *ALULA BELAY v. CITY OF GARDENA, ET AL.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|

| CONNIE LEE | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      (IN CHAMBERS) DEFENDANTS' MOTION TO STRIKE AND/OR DISMISS PORTIONS OF COMPLAINT [8]

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of December 21, 2015, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On October 14, 2015, plaintiff Alula Belay ("Belay") filed this action against defendants The City of Gardena ("Gardena"), Nicholas Beerling ("Beerling"), Jason Hooker ("Hooker"), and Does 1 through 5 (collectively, "defendants"). Dkt. 1. Plaintiff asserts a single claim against defendants for unreasonable search and seizure—unlawful arrest pursuant to 42 U.S.C. § 1983. Id. In brief, plaintiff alleges that he was unlawfully arrested by Gardena police officers on October 15, 2014, after he refused to tell them his name.

On November 10, 2015, defendants filed a motion to strike portions of plaintiff's complaint and/or, alternatively, to dismiss portions of plaintiff's complaint. Dkt. 8. On November 30, 2015, plaintiff filed an opposition, Dkt. 9, and on December 4, 2015, defendants filed a reply, Dkt. 10. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

The complaint alleges the following facts: On the morning of October 15, 2014, plaintiff was at a Starbucks coffee shop in Hawthorne, California. Compl. ¶ 13. At or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                      **'O'**

| Case No. | CV15-8063-CAS(JCx) | Date | December 17, 2015 |
|----------|--------------------|------|-------------------|
| Title    | *ALULA BELAY v. CITY OF GARDENA, ET AL.* | | |

about 10:00 am, defendants Beerling and Hooker, both of whom are detectives with the Gardena Police Department, approached plaintiff and began questioning him.  Id. ¶¶ 3, 4, 14.  Plaintiff also alleges that at least one plainclothes police officer was also present at the Starbucks.  Id. ¶ 14.

While questioning plaintiff, Beerling and Hooker repeatedly asked plaintiff to provide his identity, and plaintiff repeatedly refused to do so.  Id. ¶ 15.  After approximately thirty minutes of questioning, Beerling and Hooker informed plaintiff that he would be arrested if he did not tell them his name.  Id. ¶ 16.  Plaintiff again refused, and Beerling and Hooker placed him under arrest.  Id.  Plaintiff was then transported to the Gardena police station where he was detained for several hours before being released.  Id. ¶ 17.

According to plaintiff, at the time of his arrest, Beerling and Hooker had neither an arrest warrant nor probable cause to believe a crime had been committed.  Id. ¶ 18.  Plaintiff now asserts a section 1983 claim against Beerling, Hooker, and Gardena based on his arrest, which he contends was unlawful.  Specifically with regard to defendant Gardena, in paragraph 21 of his complaint plaintiff states:

> Defendant Gardena is liable for the conduct of Defendants Beerling, Hooker, and Does 1-5 because, on information and belief, Defendant Gardena, as supervisors and policymakers, approved the actions performed by Defendants Beerling, Hooker and Does 1-5.  In addition, on information and belief, Gardena had an official policy of arresting suspects that refuse to reveal their identities during a [Terry] stop. Further, Gardena knew that its employees would encounter people who refuse to identify themselves and disregarded the risk that this would result in a violation of citizens' rights under the Fourth and First Amendments of the United States Constitution.

Id. ¶ 21.  Defendants now move to dismiss and/or strike paragraph 21 of plaintiff's complaint to the extent it attempts to impose municipal liability against Gardena.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                      **'O'**

| Case No. | CV15-8063-CAS(JCx) | Date | December 17, 2015 |
|----------|--------------------|----|-------------------|
| Title | *ALULA BELAY v. CITY OF GARDENA, ET AL.* | | |

## III.   LEGAL STANDARD

### A.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.' "  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.").  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV15-8063-CAS(JCx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *ALULA BELAY v. CITY OF GARDENA, ET AL.* | | |

Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### B.     Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## IV.   ANALYSIS

A municipality, such as Gardena, cannot be held liable under section 1983 "*solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978) (emphasis original); see also Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior"). Rather, a municipality can only be sued under section 1983 if the alleged violation of a constitutional right was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV15-8063-CAS(JCx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *ALULA BELAY v. CITY OF GARDENA, ET AL.* | | |

caused by a municipal policy or custom.  <u>Monell</u>, 436 U.S. at 691 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.").

In general, a plaintiff can establish municipal liability in one of three ways: First, a plaintiff can show that a person with decision-making authority within the municipality expressly authorized an unconstitutional policy or order.  <u>See id.</u> at 694 (municipal liability can be imposed where a policymaker "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.").  Second, a plaintiff can establish that his constitutional rights were violated by a municipal practice "so permanent and well settled as to constitute a 'custom or usage' " of the municipality.  <u>Id.</u>  Finally, a plaintiff can demonstrate that a municipality failed to adequately train its employees and that such failure constitutes deliberate indifference to the rights of individuals who may come into contact with those employees.  <u>See</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 388–89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("[I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.  In that event, the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury").  Here, plaintiff asserts that Gardena may be held liable under each of these theories.  However, for the reasons stated below, the Court finds that plaintiff's complaint does not currently contain sufficient factual allegations to support any theory of municipal liability against Gardena.

First, plaintiff alleges that "Defendant Gardena, as supervisors and policy makers, approved the actions performed by Defendants Beerling, Hooker and Does 1-5."  Compl. ¶ 21.  However, in his complaint, plaintiff provides no factual allegations regarding how, or in what manner, Gardena "approved" of Beerling and Hooker's conduct in arresting him.  Moreover, even assuming that Gardena had approved of the other defendants' conduct, "mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim."  <u>Lytle v. Carl</u>, 382 F.3d 978, 987 (9th Cir.2004); <u>see also</u> <u>Kong Meng Xiong v. City of Merced</u>, 2015 WL 4598861, at *29 (E.D. Cal. Jul. 29, 2015) ("For there to be ratification, there must be 'something more' than a single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | CV15-8063-CAS(JCx) | Date | December 17, 2015 |
|----------|--------------------|------|-------------------|
| Title    | *ALULA BELAY v. CITY OF GARDENA, ET AL.* | | |

keeping with the applicable policies and procedures.") (citing <u>Lytle</u>, 382 F.3d at 987); <u>Santiago v. Fenton</u>, 891 F.2d 373, 382 (1st Cir.1989) ("As we have indicated before, we cannot hold the failure of a police department to discipline in a specific instance is an adequate basis for municipal liability under <u>Monell</u> .").

Second, plaintiff alleges that Gardena had an "official policy of arresting suspects that refuse to reveal their identities during a [<u>Terry</u>] stop." Compl. ¶ 21. However, plaintiff does not allege that anyone, other than himself, has ever been arrested by Gardena police officers after refusing to reveal their identity during a <u>Terry</u> stop. In order to establish a "custom or policy" for purposes of municipal liability, a plaintiff must show that the municipal practice is "so pervasive as to have the force of law." <u>Thompson v. City of Los Angeles</u>, 885 F.2d 1439, 1443–44 (9th Cir. 1989); <u>see also</u> <u>Lopez v. Cnty. of Los Angeles</u>, 2015 WL 3913263, at *5 (C.D. Cal. Jun. 25, 2015) ("Only 'a longstanding practice or custom which constitutes the 'standard operating procedure' of the local government entity' will support the imposition of municipal liability based on custom.") (citing <u>Menotti v. City of Seattle</u>, 409 F.3d 1113, 1147 (9th Cir. 2005)). Plaintiff's allegations, based solely on his own encounter with Gardena police officers, and without allegations of any related or similar occurrences, are insufficient to state a claim for municipal liability. <u>See</u> <u>Dominguez v. Cnty. of Kern</u>, 2014 WL 2574798, at *8 (E.D. Cal. Jun. 9, 2014) ("However, other than relying upon the allegations of what occurred during the incident . . . Plaintiff fails to provide any factual support for her conclusions that County maintain[s] unconstitutional customs or policies. Merely listing the policies Plaintiff believes are unconstitutional without factual support [thereof] is insufficient"); <u>see also</u> <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy").

Finally, plaintiff argues that Gardena can be held liable because it failed to adequately train its officers. To state a claim for Monell liability based on a failure to train, a plaintiff "must identify the . . . failure to train, explain why it is deficient, and state how it harmed plaintiff." <u>Lopez</u>, 2015 WL 3913263, at *7. Furthermore, the plaintiff must allege how the failure to train amounted to deliberate indifference to the rights of individuals, "i.e., how the deficiency involved was obvious and the constitutional injury was likely to occur." <u>Young v. City of Visalia</u>, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009). Here, the complaint alleges that "Gardena knew that its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | CV15-8063-CAS(JCx) | Date | December 17, 2015 |
| Title | *ALULA BELAY v. CITY OF GARDENA, ET AL.* | | |

employees would encounter people who refuse to identify themselves and disregarded the risk that this would result in a violation of citizen's rights." Compl. ¶ 21. While plaintiff contends that this statement adequately alleges an inadequate training practice, it does not identify what that training practice was, how it was deficient, or how it caused plaintiff's alleged injury—his unlawful arrest. Such "threadbare" allegations do not provide Gardena with sufficient notice regarding how it allegedly failed to train its police officers. See also Young, 687 F. Supp. 2d at 1150 ("Although Paragraph 19 [alleges] that Plaintiffs' constitutional injuries were 'foreseeable and substantially certain to occur,' which is an allegation of deliberate indifference, see City of Canton, 489 U.S. at 390 [ ], without identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the Court cannot determine if a plausible claim is made for deliberately indifferent conduct.") (citing Lee v. City of Los Angeles, 250 F.3d 668, 682 (9th Cir. 2001)).

Accordingly, plaintiff has failed to sufficiently allege facts that would support a claim for municipal liability against Gardena.

## V.     CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss and/or strike portions of plaintiff's complaint to the extent plaintiff attempts to impose municipal liability against Gardena. Plaintiff shall have **thirty (30) day** to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal of plaintiff's claim for municipal liability with prejudice.

IT IS SO ORDERED

|  | 00 | : | 00 |
| Initials of Preparer | | CL | |