UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 33, filed March 10, 2017)

## I. INTRODUCTION

On October 14, 2015, plaintiff Alula Belay filed this action against defendants the City of Gardena ("the City"), Nicholas Beerling, Jason Hooker, and Does 1–5. Dkt. 1. Plaintiff asserts a single claim against defendants for unreasonable search and seizure—unlawful arrest pursuant to 42 U.S.C. § 1983. Id. In brief, plaintiff alleges that he was unlawfully arrested by Gardena police officers on October 15, 2014, after he refused to tell them his name.

On February 26, 2016, the Court granted defendants' unopposed ex parte application to dismiss the City without prejudice. Dkt. 18.

On March 10, 2017, Beerling and Hooker (collectively, "defendants" or "detectives") filed a motion for summary judgment. Dkt. 33 ("MSJ"). Plaintiff filed his opposition on March 20, 2017, dkt. 35 ("Opp'n) and defendants filed their reply on March 27, 2017, dkt. 36 ("Reply").

On April 17, 2017, the Court held oral argument. At oral argument, the Court granted defendants' request for supplemental briefing. Defendants filed their supplemental brief on April 4, 2017. Dkt. 44 ("Supp."). Plaintiff filed his supplementary reply on April 26, 2017. Dkt. 45.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

## II. BACKGROUND

The following facts are not in dispute.

Beerling and Hooker were investigating a string of cellphone thefts and robberies occurring in Gardena from September 2014 to October 2014. Dkt 34-1, Defendants' Statement of Material Uncontroverted Facts ("SUF") at no. 3; dkt 33-3, Declaration of Nicholas Beerling ("Beerling Decl.") ¶ 3; dkt. 33-2, Declaration of Jason Hooker ("Hooker Decl.") ¶ 5. At least three of these incidents had occurred at a Starbucks located at 2909 West 120th Street in the city of Hawthorne, California ("the Starbucks"). SUF at no. 4; Beerling Decl. ¶ 3; Hooker Decl. ¶ 5. The suspect had a modus operandi of going to locations, not purchasing goods or services, and then stealing victims' phones while they were not looking. SUF at no. 5; Beerling Decl. ¶ 4; Hooker Decl. ¶ 6. The suspect had been described as a black male adult, approximately 21 years old, 5 feet, 10 inches tall, weighing 125 pounds, with black hair and brown eyes. SUF at no. 6; Beerling Decl. ¶ 4; Hooker Decl. ¶ 6.

On October 15, 2014, Beerling and Hooker received information from the Police Dispatcher that one of the victims of a robbery incident—John Messick—reported that the suspect who had robbed him was at the Starbucks. SUF at no. 7; Beerling Decl. ¶¶ 6–7; Hooker Decl. ¶¶ 8–9. Messick provided a description to Police Dispatch, stating that the suspect at the Starbucks was a black male adult, 25 years old, wearing a blue hooded sweatshirt and black pants, and seated at the table to the right of the entryway working on laptop computer. SUF at no. 8; Beerling Decl. ¶ 8; Hooker Decl. ¶ 10.

At approximately 8:55 AM, Beerling and Hooker responded to investigate and "staged" approximately one quarter of a mile away while the Gardena Crime Suppression Unit conducted undercover surveillance of the suspect. SUF at no. 9; Beerling Decl. ¶ 9; Hooker Decl. ¶ 11. At approximately 10:00 AM, the detectives entered the Starbucks and contacted plaintiff, who was wearing a blue hooded sweatshirt and black pants, seated at the table to the right of the entryway, working on laptop computer, without food or drink. SUF at nos. 11–13; Beerling Decl. ¶¶ 10, 12; Hooker Decl. ¶¶ 14–15. The detectives told plaintiff that they were there to perform a welfare check. SUF at no. 14; Beerling Decl. ¶ 13; Hooker Decl. ¶ 16. Beerling and Hooker already had the name of the person who had committed the robberies and intended to identify the suspect without making him aware that he might be a suspect. SUF at nos. 15–16; Beerling Decl. ¶¶ 14–15; Hooker Decl. ¶¶ 17–18. In order to confirm that plaintiff was in fact the suspect, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

detectives repeatedly requested that plaintiff provide identification or reveal his name. SUF at nos. 17–18; Beerling Decl. ¶¶ 15, 18; Hooker Decl. ¶¶ 18, 21; dkt 33-1, Deposition of Alula Belay ("Belay Depo") at 28:25–29:1. Plaintiff, however, refused to do so. SUF at nos. 19, 21; Beerling Decl. ¶¶ 16, 18; Hooker Decl. ¶¶ 19, 21; Belay Depo. at 29:10–30:1. Hooker then told plaintiff that a victim had identified him as the suspect who stole his phone. SUF at no. 22; Beerling Decl. ¶ 19; Hooker Decl. ¶ 22. Plaintiff still refused to provide identification or his name to the detectives. SUF at no. 24; Beerling Decl. ¶ 20; Hooker Decl. ¶ 23. Plaintiff was warned that he would be arrested if continued to refuse to provide identification, but he again refused to comply with the detectives' request. SUF at nos. 25–26; Hooker Decl. ¶¶ 25–26. The detectives then arrested plaintiff. SUF at no. 27; Beerling Decl. ¶ 23; Hooker Decl. ¶ 28.

Defendants acquired plaintiff's driver's license outside of the Starbucks where he was arrested, prior to plaintiff being transported to the police station. Dkt. 37, Defendants' Response to Plaintiff's Additional Facts ("RAF") at no. 29; dkt. 35-1, Declaration of Alula Belay ("Belay Decl.") ¶¶ 1–2. After defendants acquired plaintiff's driver's license, they transported plaintiff to the police station, booked him, and held him for hours. RAF at no. 31; Belay Decl. ¶ 2. Beerling signed a Misdemeanor Complaint against plaintiff alleging that plaintiff resisted, delayed, and obstructed Beerling, who was attempting to and discharging the duties of his office, in violation of California Penal Code § 148(a)(1). RAF at no. 32; dkt. 35-2, Ex. A. Criminal charges against plaintiff were pending until the date of trial. RAF at no. 33; Belay Decl. ¶ 3.

## III. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

"conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**B.     Probable Cause**

"The Fourth Amendment requires that a law enforcement officer have 'probable cause' to arrest an individual without a warrant." United States v. Jensen, 425 F.3d 698, 704 (9th Cir. 2005). The test for whether probable cause exists is whether "at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Jensen, 425 F.3d at 704; see also United States v. Buckner, 179 F.3d 834, 837 (9th Cir. 1999) ("Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." (quotation marks omitted)). In determining whether an officer had probable cause to conduct a warrantless arrest, "[t]he court may take into account the experience and expertise of law enforcement agents who observed the defendant's activity." United States v. Valencia, 24 F.3d 1106, 1108 (9th Cir. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

## IV. DISCUSSION

### A. Qualified Immunity and Probable Cause

The doctrine of qualified immunity shields Beerling and Hooker from civil liability so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quotations marks omitted). Thus, qualified immunity will apply "unless (1) facts viewed in the light most favorable to the injured party show that the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged misconduct." Ford v. City of Yakima, 706 F.3d 1188, 1192 (9th Cir. 2013) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)); see also Garcia v. Cty. of Riverside, 817 F.3d 635, 639 (9th Cir. 2016). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Reichle v. Howards, 556 U.S. 658, 132 S. Ct. 2088, 2093 (2012) (quotation marks and alteration omitted).

The Supreme Court has "repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality," Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011) (citation omitted), but instead to consider "whether the violative nature of particular conduct is clearly established," id. at 742 (emphasis added); see also Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam) (noting that the relevant inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition" (quotation marks omitted)). While the law "do[es] not require a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate." al-Kidd, 563 U.S. at 741; see also Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam) ("Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.") quotation marks omitted)). The Supreme Court has reiterated that "[s]uch specificity is especially important in the Fourth Amendment context, where the Court has recognized that [i]t is sometimes difficult for an officer to determine how the relevant legal doctrine"—here, unlawful arrest and incarceration—"will apply to the factual situation the officer confronts." Mullenix, 136 S. Ct. at 308 (quotation marks omitted).

The Court first concludes that the detectives' initial arrest of plaintiff for robbery—on the basis of Messick's report identifying plaintiff as the perpetrator—was not clearly unconstitutional. Whether Messick's eye witness identification provided probable cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

for plaintiff's arrest depends on whether Messick exhibited "sufficient indicia of reliability to protect the integrity of [his] identification[]." See Grant v. City of Long Beach, 315 F.3d 1081, 1086 (9th Cir. 2002). A "citizen witness" is "generally presumed reliable." Ewing v. City of Stockton, 588 F.3d 1218, 1224 (9th Cir. 2009); see also United States v. Banks, 539 F.2d 14, 17 (9th Cir. 1976) ("A detailed eyewitness report of a crime is self-corroborating; it supplies its own indicia of reliability."). Other indicia of reliability include: "1) the opportunity to view the criminal at the time of the crime; 2) the degree of attention paid to the criminal; 3) the accuracy of the prior descriptions of the criminal; 4) the level of certainty demonstrated at the time of confrontation; and 5) and the length of time between the crime and the confrontation." Grant, 315 F.3d at 1087. Officer Ryan Sproles—who spoke with Messick by phone on October 15, 2014—has testified that Messick said he was "90% positive that the suspect who robbed him was the same person he saw inside the Starbucks." Dkt. 36-2, Declaration of Ryan Sproles ("Sproles Decl.") ¶ 7. Additionally, the length of time between the robbery of Messick and his identification of plaintiff was at most one week, and possibly as short as one day.[1] Because the Ninth Circuit has stated that a citizen witness's identification is per se reliable and a reliable identification provides probable cause for an arrest, the Court cannot conclude that every reasonable officer would have understood that arresting plaintiff on the basis of Messick's identification was a violation of plaintiff's Fourth Amendment rights. The detectives are therefore entitled to qualified immunity for their initial arrest of plaintiff.[2] The Court **GRANTS** defendants' motion for summary judgment with respect to the issue of whether the detectives had probable cause to arrest plaintiff upon the initial encounter.

Plaintiff contends that, even if defendants had probable cause to arrest him initially, defendants lacked probable cause to transport him to the police station and to

---

[1] Beerling asserts that Messick reported seeing the person who robbed him just one day after the robbery occurred. Beerling Decl. ¶ 7. By contrast, Sproles asserts that Messick had reported that he was robbed the week before. Sproles Decl. ¶ 4.

[2] The Court notes that, contrary to plaintiff's assertion, it was not improper for the detectives to rely on hearsay statements regarding Messick's report as a basis for arresting plaintiff. See United States v. Butler, 74 F.3d 916, 920 (9th Cir. 1996) ("Probable cause to arrest may be based upon hearsay statements. An officer may arrest based on information relayed to him or her through official police channels." (citation omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
|---|---|---|---|
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

continue detaining him once defendants reviewed plaintiff's identification and confirmed that he was not the perpetrator of the cellphone robberies. Opp'n at 2. Plaintiff further argues that his failure to provide his name or identification cannot serve as a basis for his arrest. Id. at 3. According to plaintiff, under clearly established law, refusing to identify oneself is insufficient to constitute a delay justifying arrest under Penal Code § 148. Id. at 4–5. Defendants, in turn, contend that even after reviewing plaintiff's identification, the officers still had probable cause to arrest plaintiff for a violation of Penal Code § 148(a)(1) on the basis of the officers' right to demand identification and the authority to arrest for delaying a peace officer in his lawful duties. Reply at 4–5. In addition, defendants argue that it is not "clearly established" law that a person who fails to provide identification may not be arrested for a violation of Penal Code § 148(a)(1). Id. at 3–4.

Defendants are correct that it is not unlawful to request identification of a detained suspect. See MSJ at 9; Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cty., 542 U.S. 177, 186 (2004) ("Our decisions make clear that questions concerning a suspect's identity are a routine and accepted part of many Terry stops.").

However, it is clearly established law in Ninth Circuit that "failure to identify oneself cannot, on its own, justify an arrest[.]" United States v. Christian, 356 F.3d 1103, 1106 (9th Cir. 2004); see also Martinelli v. City of Beaumont, 820 F.2d 1491, 1494 (9th Cir. 1987) ("[T]he use of Section 148 to arrest a person for refusing to identify herself during a lawful Terry stop violates the Fourth Amendment's proscription against unreasonable searches and seizures."); Lawson v. Kolender, 658 F.2d 1362 (9th Cir. 1981) (holding that a California vagrancy statute requiring persons to provide reliable identification upon request during Terry stops violated the Fourth Amendment's proscription against unlawful searches and seizures because, "as a result of the demand for identification, the [vagrancy] statutes bootstrap the authority to arrest on less than probable cause," and that "the serious intrusion on personal security outweighs the mere possibility that identification may provide a link leading to arrest"); Carey v. Nevada Gaming Control Bd., 279 F.3d 873, 881 (9th Cir. 2002) (Lawson and Martinelli "invalidated state statutes that authorized arrests based on the detained individual's refusal to identify himself. In addition, Lawson and Martinelli are in accord with Supreme Court pronouncements on this issue.").

Defendants contend that plaintiff was not arrested "*solely* on the basis of failing to provide identification." Reply at 4. Rather, defendants assert that the detectives "had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

probable cause that plaintiff was the suspect in a robbery and plaintiff's identification was reasonably related to their investigation." Id. According to defendants:

> It logically follows that the right to *lawfully* demand identification, coupled with the authority to arrest for delaying a peace officer in their lawful duties, would empower that officer [with] the authority to enforce that demand through the use of that provision and consistent with the Fourth Amendment.

Id. The Court disagrees. As the detectives themselves concede, they sought to confirm that plaintiff's name matched the name of the person whom they knew had committed the robberies. SUF at no. 17; Beerling Decl. ¶ 15; Hooker Decl. ¶ 18. Once the detectives obtained and reviewed plaintiff's identification, the probable cause to proceed with the arrest of plaintiff as a suspect in the robberies dissipated. Defendants may not rely on this dissipated probable cause as a basis for plaintiff's continued detention.

At oral argument, defendants' counsel asserted that plaintiff's license was not reviewed until plaintiff was booked at the police station. In their supplemental brief, defendants argue that "there are no facts that defendants reviewed the identification until booking." Supp. at 4. However, defendants concede that is *undisputed* that defendants acquired plaintiff's identification outside of the Starbucks where he was arrested, prior to transporting plaintiff to the police station. RAF at no. 29. Defendants conceded this fact *even though* Beerling and Hooker both declared under penalty of perjury that "[t]he suspect provided his identification during the booking process." Beerling Decl. ¶25; Hooker Decl. ¶ 31; cf. 999 v. C.I.T. Corp., 776 F.2d 866, 869–70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded."). Defendants are correct that "[t]he police have no affirmative obligation to investigate a crime in a particular way." Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1045 (9th Cir. 1994). However, "[a]n officer is not entitled to a qualified immunity defense . . . where exculpatory evidence is ignored that would negate a finding of probable cause." Broam v. Bogan, 320 F.3d 1023, 1032 (9th Cir. 2003); see also Yousefian v. City of Glendale, 779 F.3d 1010, 1014 (9th Cir. 2010) ("Certainly, an officer may not ignore exculpatory evidence that would negate a finding of probable cause." (quotation marks omitted); Kuehl v. Burtis, 173 F.3d 646, 651 (8th Cir. 1999) (holding that an officer was not entitled to qualified immunity where he "plainly ignored exculpatory evidence" and did not satisfy his "duty to conduct a reasonable investigation"); Sevigny v. Dicksey, 846 F.2d 953, 957–58 (4th Cir. 1988) (holding that an officer who neglected to "avail himself of readily available information" which would have exculpated the plaintiff was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

entitled to qualified immunity for unlawful arrest); BeVier v. Hucal, 806 F.2d 123, 128 (7th Cir. 1986) ("A police officer may not close her or his eyes to facts that would help clarify the circumstances of an arrest. Reasonable avenues of investigation must be pursued especially when, as here, it is unclear whether a crime had even taken place."). Defendants each testified that they asked for plaintiff's identification because they "already had information on the name of the person who had committed the robberies and wanted to confirm the suspect was that same person by checking his identification." Beerling Decl. ¶ 15; Hooker Decl. ¶ 18. Thus, even if defendants did not actually review plaintiff's identification until booking, defendants are not entitled to qualified immunity where they plainly disregarded plaintiff's identification.

Defendants also argue that "there is no clearly established law regarding the necessity of immediate release upon dissipation of probable cause." Supp. at 5. Defendants are incorrect.

> In some instances there may initially be probable cause justifying an arrest, but additional information obtained at the scene may indicate that there is less than a fair probability that the defendant has committed or is committing a crime. In such cases, execution of the arrest or continuation of the arrest is illegal. . . . A person may not be arrested, or must be released from arrest, if previously established probable cause has dissipated.

United States v. Lopez, 482 F.3d 1067, 1073 (9th Cir. 2007) (citing BeVier, 806 F.2d at 128 ("The continuation of even a lawful arrest violates the Fourth Amendment when the police discover additional facts dissipating their earlier probable cause.")); Sialoi v. City of San Diego, 823 F.3d 1223, 1232 (9th Cir. 2016) (same); United States v. Ortiz–Hernandez, 427 F.3d 567, 574 (9th Cir. 2005) (same).

Therefore, after obtaining plaintiff's identification, the only remaining ground for proceeding with plaintiff's arrest, transporting him to the police station, and detaining him there for several hours was plaintiff's purported delay of the detectives caused by his refusal to identify himself.[3] However, "'[t]he contours of [the Fourth Amendment] right

---

[3] Defendants appear to concede this point. See Reply at 5 ("Plaintiff's arguments regarding dissipation of probable cause for robbery and the necessity of immediate release are also without merit. The officers still had a reasonable basis and probable

[were] sufficiently clear that every reasonable official would have understood" that arresting plaintiff for his refusal to identify himself violated plaintiff's right to be free from unreasonable seizure. See al-Kidd, 563 U.S. at 741 (quotation marks omitted).

The Court therefore concludes that the detectives are not entitled to qualified immunity for the continued detention of plaintiff after they had reviewed his identification. It follows that, as a matter of law, defendants lacked probable cause to detain plaintiff after they had reviewed his identification. Accordingly, the Court **DENIES** defendants' motion for summary judgment with respect to the issue of whether the detectives had probable cause for plaintiff's post-identification detention.

"District courts unquestionably possess the power to enter summary judgment sua sponte[.]" Norse v. City of Santa Cruz, 629 F.3d 966, 971 (9th Cir. 2010). "*Sua sponte* grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue[,]" which "implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." Id. at 971–72 (citation omitted). Here, by virtue of filing their own motion for summary judgment, defendants have had reasonable notice and adequate time to develop the facts on which they would depend to oppose summary judgment. However, defendants have failed to introduce any facts demonstrating that they had probable cause for the continued arrest and detention of plaintiff. Accordingly, the Court **GRANTS** summary judgment in favor of plaintiff on the basis that his continued detention—after the detectives had reviewed his identification—violated his right to be free from unreasonable seizure.[4]

---

cause for a violation of Penal Code section 148(a)(1) and proceeded with the lawful procedure in carrying out that arrest.").

[4] In their supplemental brief, defendants assert that plaintiff's allegations regarding the dissipation of probable cause and the unlawfulness of his continued detention were first raised in plaintiff's opposition to the motion for summary judgment. Supp. at 1–3. Accordingly, defendants argue that a *sua sponte* grant of summary judgment is not appropriate because there was not "reasonable notice" regarding that issue. Id. at 1–2. Defendants are incorrect. Plaintiff alleges in his complaint that "he was detained for several hours before being released." Compl. ¶ 17. In addition, plaintiff alleges that "[a]s a result of his arrest *and detention*, Plaintiff Belay suffered extreme emotional distress as well as harm to his reputation in the community." Id. ¶ 20 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-8063-CAS(JCx) | Date | April 27, 2017 |
| Title | ALULA BELAY v. CITY OF GARDENA ET AL. | | |

### B. Punitive Damages

Defendants argue that they are entitled to summary judgment as to plaintiff's punitive damages claim because there is no evidence that the detectives acted with malice, oppression, or reckless disregard toward plaintiff's rights. MSJ at 14. Plaintiff argues that his continued detention after defendants had confirmed that he was not the perpetrator of the crimes for which he was arrested are alone enough for a reasonable jury to injure that the arrest was in reckless disregard for plaintiff's rights. Opp'n at 5. Punitive damages may be awarded in Section 1983 cases when a defendant's deprivations of the plaintiff's civil rights were done either with malicious or evil intent or when the deprivation was done with reckless disregard of the plaintiff's civil rights. Smith v. Wade, 461 U.S. 30, 46–47 (1983); Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005) ("The standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases." (citing Smith, 461 U.S. at 49)). Drawing inferences from the facts in a light most favorable to plaintiff, the Court concludes that a rational trier of fact could find that the deprivation of plaintiff's civil rights was done with reckless disregard for plaintiff's civil rights. Accordingly, the Court **DENIES** defendants' motion for summary judgment as to plaintiff's claim for punitive damages.

## V. CONCLUSION

In accordance with the foregoing, on the basis of qualified immunity, the Court **GRANTS** defendants' motion for summary judgment with respect to the issue of whether the detectives had probable cause to arrest plaintiff upon the initial encounter.

The Court **DENIES** defendants' motion for summary judgment with respect to the issue of whether the detectives had probable cause for plaintiff's continued detention after the detectives had reviewed plaintiff's identification. The Court **GRANTS** summary judgment in plaintiff's favor on that issue.

Accordingly, the Court finds that plaintiff's allegations put defendants on notice that plaintiff's continued detention after arrest comprised part of plaintiff's Section 1983 claim.

Finally, the Court **DENIES** defendants' motion for summary judgment as to plaintiff's claim for punitive damages.

IT IS SO ORDERED.

|  | 00 : 00 |
| Initials of Preparer | CMJ |